**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4592

PAUL LESTER CASTNER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-98-20)

Submitted: December 22, 1999

Decided: January 31, 2000

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. David
E. Godwin, United States Attorney, Sharon L. Potter, Assistant
United States Attorney, Paul T. Camilletti, Assistant United States
Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Lester Castner appeals his conviction for making false declarations to a grand jury in violation of 18 U.S.C.A.§ 1623(a) (West 1994 & Supp. 1999). Castner was subpoenaed to testify before a grand jury investigating a fire that killed five people, including Castner's three children. Castner testified that he received specific information about the locations in which gasoline was poured and descriptions of who started the fire from conversations with his children after their deaths. Castner denied receiving the information from Ricky Brown, David Brown, or Barbara Brown. Castner was convicted and sentenced to 60 months imprisonment.

On appeal, Castner contends that he received the information in a conversation held jointly with Ricky, David and Barbara Brown, rather than any one of them individually, and therefore was entitled to a jury instruction that a perjury conviction cannot be based on answers that were literally true. See Bronston v. United States, 409 U.S. 352, 362 (1973).

The decision of whether or not to give a particular jury instruction is reviewed for abuse of discretion. See United States v. Whittington, 26 F.3d 456, 462 (4th Cir. 1994). A defendant is entitled to a jury instruction on any defense which has an evidentiary foundation and accurately states the law. See United States v. Sloley, 19 F.3d 149, 153 (4th Cir. 1994).

We find that Castner is not entitled to a Bronston instruction because his statements to the grand jury were not literally true. After Castner testified that he had received information about the arson from his deceased children, the examiner asked Castner whether he had received the information from "somebody else . . . like Ricky or David themselves." Castner replied that he had not. A question must be considered in its context and given its common sense meaning. See United States v. Portac, Inc., 869 F.2d 1288, 1296 (9th Cir. 1988). The examiner's question was not limited to Ricky or David; rather, his question asked if the information could have come from someone other than Castner's children. The examiner's question was broad

enough to encompass any statements made by the Browns, jointly or individually, and thus Castner's denial was not literally true.

Furthermore, Castner testified before the grand jury that he did not participate in or hear any conversation regarding the arson. Castner's appellate argument is founded upon the falsity of that testimony. Because Castner's answers were not literally true, the district court did not err in refusing to instruct the jury that literally true answers cannot support a perjury charge. Likewise, the district court did not err in instructing the jury that literally true answers could support a charge of perjury in certain circumstances.

We affirm Castner's conviction under 18 U.S.C.A.§ 1623(a). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3